No. 22099.

CECIL M. FRAZIER *v.* THE PEOPLE OF THE STATE OF COLORADO.
(426 P.2d 186)

Decided April 10, 1967.

ROLLIE R. ROGERS, THOMAS J. BURNS, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES W. CREAMER, JR., assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

ON August 24, 1964, a two count information was filed in the trial court charging the above-named Cecil M. Frazier, his brother Charles Frazier, and Phyllis Frazier (the wife of Charles) with the crimes of aggravated robbery and conspiracy to commit robbery. Counsel was appointed to represent them because of their indigency. On September 2, 1964, pleas of not guilty were entered by all three defendants.

On October 7, 1964, the charge contained in the first count of the information was reduced to simple robbery and Cecil and Charles Frazier entered pleas of guilty to the amended charge. On the following day the charges against Phyllis Frazier were dismissed.

On November 16, 1964, the court sentenced Charles and Cecil Frazier to not less than nine nor more than ten years imprisonment in the state penitentiary on the first count of the information, and not less than two nor more than ten years on the second count. These sentences were to run consecutively.

On March 16, 1965, the Fraziers filed their "Motion to Vacate Judgment and Sentence Pursuant to Rule 35(b) Colorado Rules of Criminal Procedure." They alleged in this motion as follows:

"a. That the counts of robbery and conspiracy should merge under the law.

"b. Their court appointed counsel was negligent and inefficient in his representation of them, that he jeopardized their defense and was inadequate in discharging his duties.

"c. Defendants were forced to plead guilty by threats,

force, and coercion, due to emotional strain under the circumstances.

"d. That the court erred in not allowing evidence to be presented in aggravation or mitigation of the offense.

"e. They were denied due process of the law and equal protection under the law under the Fourteenth Amendment to the Constitution of the United States of America and they were denied equality of justice under Article II, Section VI, under the Colorado Constitution.

"f. That their rights were violated when the mittimus that was sent to Colorado State Penitentiary was, after their conviction, amended."

Counsel was appointed to represent the defendants at the hearing on the 35 (b) motion.

█ A full evidentiary hearing was conducted. At the conclusion thereof the motion was denied. Cecil M. Frazier is here on writ of error to review the order denying the relief sought by the motion. The record before us in connection therewith consists of 445 folios, all of which have been examined. The trial court made specific findings against the defendants on each point relied on by them as grounds for relief under Rule 35 (b), *supra*. There is an abundance of evidence to support the court's findings.

The judgment is affirmed.

Mr. Justice Day, Mr. Justice Pringle and Mr. Justice Hodges concur.